# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 25-257 |
| | : | |
| MICHAEL HOCHMAN | : | |

## ORDER OF FORFEITURE

IT IS HEREBY ORDERED THAT:

1. As a result of defendant Michael Hochman's guilty plea as to Count One of the Information, charging him with receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2) (Count One), the defendant is required to forfeit (a) any visual depiction or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received, in violation of 18 U.S.C. § 2252(a)(2); (b) any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from the defendant's violation of 18 U.S.C. § 2252(a)(2); and (c) any property, real or personal, used or intended to be used to commit or to promote the commission of the defendant's violation of 18 U.S.C. § 2252(a)(2), and any property traceable to such property, pursuant to 18 U.S.C. § 2253.

2. All visual depictions and all books, magazines, periodicals, films, videotapes, and other matter which contain any such visual depictions, which were produced, transported, mailed, shipped or received, in violation of 18 U.S.C. § 2252(a)(2); all property, real or personal, constituting or traceable to gross profits or other proceeds obtained from the defendant's violation of 18 U.S.C. § 2252(a)(2); and all property, real or personal, used or intended to be used to commit or to promote the commission of the defendant's violation of 18

U.S.C. § 2252(a)(2), and all property traceable to such property, are forfeited to the United States.

3. The Court has determined, based on the facts set forth at the defendant's plea hearing, as well as those set forth in the Guilty Plea Agreement, and those set forth in the record as a whole, that the following specific property is subject to forfeiture as a result of the defendant's guilty plea to the illegal act alleged in Count One of the Information, that the government has established the requisite nexus between such property and such offense, and that the following property is forfeited to the United States:

   a. **One (1) Dell laptop computer, model P25F Inspiron 5520, with the serial number scratched out;**

   b. **One (1) Dell laptop computer, model PP29 LM Inspiron 1525, bearing serial number SNOPVG1;**

   c. **One (1) Hewlett Packard laptop computer, model 15t-b1100 Spectre, bearing serial number 5CD8132CB5; and**

   d. **One (1) Samsung cell phone, model SM-G973U, bearing IMEI 351924102237241,**

as (a) property which contains a visual depiction, in violation of 18 U.S.C. § 2252(a)(2), as charged in Count One of the Information; and (b) property used or intended to be used to commit or to promote the commission of the defendant's violation of 18 U.S.C. § 2252(a)(2), as charged in Count One of the Information (hereinafter referred to as the "Subject Property").

4. Pursuant to Fed. R. Crim. P. 32.2(b)(4), the Preliminary Order of Forfeiture may be made final as to the defendant, prior to his sentencing and shall be made part of the sentence and included in the judgment. See *United States v. Bennett*, 423 F.3d. 271 (3d Cir. 2005) (to be effective, a forfeiture order must be included in sentence and judgment).

5. Upon entry of this Order or any amendment thereto that is entered pursuant to Fed. R. Crim. P. 32.2(e), the Attorney General or a designee is authorized to seize any specific property subject to forfeiture that is identified in this Order or subsequent amendment, pursuant to Fed. R. Crim. P. 32.2(b)(3).

6. Upon entry of this Order, the Attorney General or a designee, pursuant to Fed. R. Crim. P. 32.2(b)(3) and 21 U.S.C. § 853(m), is authorized to conduct any discovery to identify, locate, and dispose of property subject to this Order and to address any third-party claims, including depositions, interrogatories, requests for production of documents, and subpoenas pursuant to Fed. R. Civ. P. 45.

7. Pursuant to 21 U.S.C. § 853(n)(1), and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, made applicable pursuant to Fed. R. Crim. P. 32.2(b)(6)(c), the United States Government shall put notice on an official internet government forfeiture site (www.forfeiture.gov) for 30 consecutive days, notice of the government's intent to dispose of the Subject Property in such manner as the Attorney General may direct, and notice that any person, other than the defendant, having or claiming a legal interest in any of the property subject to this Order must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Subject Property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in each of the forfeited properties and any additional facts supporting the petitioner's claim, and the relief sought.

8. The United States shall also, pursuant to 21 U.S.C. § 853(n)(1), to the extent practicable, provide direct written notice to any person known to have alleged an interest in the Subject Property, and to their attorney, if they are represented, as a substitute for published notice as to those persons so notified.

9. Any person, other than the defendant, asserting a legal interest in the Subject Property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his alleged interest in the Subject Property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6).

10. Following the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rule of Civil Procedure upon showing that such discovery is necessary or desirable to resolve factual issues.

11. The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests.

12. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

13. The Clerk of the United States District Court for the Eastern District of Pennsylvania shall deliver a copy of this Judgment and Preliminary Order of Forfeiture to counsel for the parties.

ORDERED this 15th day of October, 2025.

/s/ Hon. Kelley B. Hodge
**HONORABLE KELLEY BRISBON HODGE**
**United States District Court Judge**